### 32743. WALSH v. WALSH.

NICHOLS, Chief Justice.

The appellant was cited for contempt for failure to pay child support payments. The trial court found appellant to be $1,625 in arrears at the time of the hearing and gave him 15 days to pay $825 and required the balance to be paid within 30 days. The appellant contends the amount of arrearage is incorrect because his 17-year-old daughter had become self-supporting. The appellant also contends that his failure to pay the arrears was not shown to be wilful because of his physical handicap due to cataracts that had rendered him unable to perform his duties as a captain of a shrimp boat.

1. The agreement of the parties incorporated in the divorce decree provided that appellant would pay $12.50 per week for each of four children. The agreement is silent as to termination of the support obligation. The father is obligated to support his child until it reaches majority or becomes emancipated. Code §§ 30-301, 74-105. The trial court did not err in calculating the amount of child support due appellee.

2. The remaining contention that due to his physical disability it was error to find him in wilful contempt has no merit.

There was evidence from which the trial court could have concluded that appellant could have shortened his period of disability, and also that he was now able to work, and had a boat and crew waiting to begin shrimping the next day. The trial court had been lenient with appellant in the past as shown by the fact that $805 of the arrearage was the subject of a previous contempt citation which remained unpaid. We cannot say that the trial judge abused his discretion in light of the order entered allowing appellant a period of time to earn funds to purge himself of

the contempt.
*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 9, 1977 — DECIDED NOVEMBER 8, 1977.

*J. Laddie Boatright,* for appellant.
*Beverly H. Nash,* for appellee.